UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COREY TERRELL GRAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1879 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Corey Terrell Gray's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255, filed November 1, 2007 (Doc. No. 1 ("Motion")). Because this Court has determined that Gray's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Gray's claims are based, this Court decides this matter without an evidentiary hearing.[1]

## BACKGROUND

On November 15, 2005, a Federal Grand Jury indicted Corey Terrell Gray on one count of possession with intent to distribute more than five grams of cocaine base ("crack cocaine") (Count I). (Government's Response to Show Cause Order ("Response"), Doc. No. 7, p. 1). On September 19, 2006, Gray entered a guilty plea to Count I of the Indictment pursuant to a plea agreement

---

[1]"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Buster v. U.S., 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting Sanders v. U.S., 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted).

entered into between the parties. (Response, p. 2; Case 4:05CR00661, Plea Agreement, Guidelines Recommendations and Stipulations ("Plea Agreement"), Doc. No. 30, filed September 19, 2006).

The Plea Agreement provided that the Base Offense Level on Count I was 30 based on possession of at least 35 grams but less than 50 grams of cocaine base ("crack") for which defendant is accountable (Plea Agreement, ¶3B(1)), and a two level reduction for acceptance of responsibility pursuant to Section 3E1.1(a) of the United States Sentencing Guidelines (Plea Agreement, ¶3D). On January 24, 2007, Gray was sentenced to a term of 120 months in the custody of the United States Bureau of Prisons. (Case 4:05cr00661, Doc. No. 37, p. 2).[2]

On November 1, 2007, Gray filed this Motion alleging ineffective assistance of counsel. As the Court construes the instant motion, Petitioner alleges the following three actions constituted ineffective assistance of counsel:

(1) counsel's advice to Petitioner to accept a plea that included a finding that the cocaine base was "crack,"

(2) counsel's failure to ask the sentencing court to consider a lesser ratio than the 100-to-1 cocaine powder to crack ratio, and

(3) counsel's failure to move the court for a downward departure based on his mental health conditions.

## STANDARD OF REVIEW

"Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack." Equere v. U.S., No. 4:07-CV-1571, 2008 U.S.

---

[2]As discussed herein, this sentence was later reduced to 100 months.

Dist. LEXIS 91052, *6 (E.D. Mo. Nov. 10, 2008) (citing 28 U.S.C. § 2255). To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. U.S., 417 U.S. 333, 346 (1974); Hill v. U.S., 368 U.S. 424, 428 (1962).

## DISCUSSION

### I. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

#### A. Legal Standards

##### 1. Legal Standard for Ineffective Assistance of Counsel

For an ineffective assistance of counsel claim under section 2255, "'a movant faces a heavy burden.'" Equere, 2008 U.S. Dist. LEXIS 91052, *7 (quoting U.S. v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). A convicted movant must first show "that his counsel's performance was deficient, and that he suffered prejudice as a result." Paul v. U.S., 534 F.3d 832, (8th Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Malcom v. Houston, 518 F.3d 624, 626 (8th Cir. 2008). A reasonable probability is less than "more likely than not," Kyles v. Whitley, 514 U.S. 419, 434 (1995), but more than a possibility. White v. Roper, 416 F.3d 728, 732 (8th Cir. 2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact" subject to *de novo* review. Id. at 698. "In the context of a guilty plea, to demonstrate prejudice [m]ovant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial." Ware v. U.S., No. 1:08CV5, 2008 U.S. Dist. LEXIS 93254, *10 (E.D. Mo. Nov. 17, 2008) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "The applicable law here is well-established: post-conviction relief will not be

granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense." U.S. v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005) (citations omitted).

### 2. Legal Standard for Review of a Guilty Plea

The entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. U.S. v. Winheim, 143 F.3d 1116, 1117 (8th Cir. 1998); Smith v. U.S., 876 F.2d 655, 657 (8th Cir. 1989), cert. denied, 493 U.S. 869, 110 S. Ct. 195, 107 L. Ed. 2d 149 (1989). The Eighth Circuit has enforced a defendant's plea agreement promise to waive his right to appeal, or challenge via a post-conviction writ of habeas corpus, the district court's entry of judgment and imposition of sentence. Deroo v. U.S., 223 F.3d 919, 923 (8th Cir. 2000) (citing U.S. v. His Law, 85 F.3d 379 (8th Cir. 1996)). The court does not "distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context." Deroo, 223 F.3d at 923. "When a defendant waives his appeal and post-conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made." Lumpkins v. U.S., No. 4:06-CV-195, 2008 U.S. Dist. LEXIS 63105, *12-13 (E.D. Mo. Aug. 19, 2008).

### B. Ground 1: Crack

In his Motion, Petitioner asserts that his counsel was ineffective "in advising the Petitioner to enter a plea to a finding that the drug type was crack, a form of cocaine base, while knowing there was insufficient evidence to support such a finding." (Motion, p. 4). Gray asserts that "[f]orms of COCAINE BASE, other than CRACK form, are treated as cocaine hydrochloride or cocaine powder." Id. at p. 5 (emphasis in original). Gray claims that he would have received a lesser sentence if the drug would have been treated as cocaine base, rather than crack. Id.

- 4 -

Petitioner's claim for ineffective assistance of counsel fails when he knowingly pled guilty in a Plea Agreement that specifically stated that the that the cocaine base was crack. In U.S. v. Robinson, 462 F.3d 824, 826 (8th Cir. 2006), Robinson pleaded guilty to, among other things, "distribution of cocaine base, that would be crack," and was sentenced to 240 months in prison. Id. at 825-26. On appeal, Robinson argued "that it was plain error to impose the harsher mandatory minimum sentence mandated for offenses involving the distribution of 'cocaine base,' rather than the lesser mandatory minimum sentence for an offense involving the same quantity of cocaine or its salts, commonly known as powder cocaine." Id. at 825. The Eighth Circuit affirmed the sentence imposed on the defendant where the indictment charged that each offense involved cocaine base ("crack") and the defendant pleaded guilty to those charges and admitted during the plea colloquy that his offenses involved distribution of a cocaine base ("crack"). Id. at 826 ("Thus, even if the harsher minimum sentence mandated by 21 U.S.C. § 841(b)(1)(A) for 'cocaine base' offenses is limited to a conviction for distributing the crack form of cocaine base (an issue we need not decide), there was no plain error in sentencing Robinson to that minimum sentence.").[3]

Here, Gray admitted his guilt and waived his right to file the present motion related to any pre-sentencing claims. In the plea agreement, Petitioner admitted knowing possession of crack. According to the plea agreement, "Defendant made several statements indicating his knowing possession of the cocaine base ('crack')." (Plea Agreement, p. 9). The Plea Agreement also states that "[l]aw enforcement officers transported the controlled substances to the St. Louis Metropolitan Police Department Crime Laboratory where they were analyzed and determined to be cocaine base

---

[3]The Court notes that the Sentencing Guidelines do not differentiate between cocaine base and crack. See 18 U.S.S.G. § 2D1.1, note (D)(2009) ("'Cocaine base,' for the purposes of this guideline, means 'crack.' 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form.").

('crack'), a Schedule II narcotic controlled substance drug." (Id.) Petitioner further stated, "[t]he defendant acknowledges being guilty of the crimes to which a plea is being entered, and further states that neither defense counsel nor the government have made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel at time of sentencing." (Plea Agreement, ¶2(C)(2), p. 4). As Petitioner has admitted in the Plea Agreement that the substance at issue was crack, Gray has waived his right to review of those actions. Petitioner has presented nothing to the Court that changes its belief that Petitioner knowingly and voluntarily entered into the plea and waived his rights.

In light of Gray's declarations of his intention to waive his right to file motions or proceed with trial, the Court finds no evidence of prejudice to movant resulting from his attorney's purported advice for Petitioner to enter a guilty plea. See Hill, 474 U.S. at 60 ("Because petitioner in this case failed to allege the kind of 'prejudice' necessary to satisfy the second half of the Strickland v. Washington test, the District Court did not err in declining to hold a hearing on petitioner's ineffective assistance of counsel claim."). Petitioner cannot show any prejudice to him because he stipulated and agreed to knowingly possessing cocaine base ("crack") and the government would have been able to prove that fact beyond a reasonable doubt. (Plea Agreement, pp. 8-10, ¶4). Gray expressly, clearly and voluntarily waived his rights related to the taking and acceptance of his plea. The waiver itself is unambiguous, and the evidence demonstrates that Petitioner's counsel, Good, and the District Court accurately and thoroughly explained the Plea Agreement and appeal waiver to Gray. The Plea Agreement was supported by consideration, given the government's agreement "not to file a Criminal Information pursuant to Title 21 U.S.C. §851(a) for purposes of enhancing

defendant's sentence pursuant to Title 21 U.S.C. §841(b)(1)(B)(iii)." (Plea Agreement, ¶2(A)). See U.S. v. Sanchez, 508 F.3d 456, 460 (8th Cir. 2007) ("Plea agreements are contractual in nature and should be interpreted according to general contract principles." (citation omitted)). No miscarriage of justice exists. Gray knowingly and voluntarily waived his right to appeal any issues relating to the negotiation, taking or acceptance of his guilty plea or the factual basis for the plea.

These undisputed facts demonstrate that Petitioner was guilty of the crimes to which he pled and, therefore, Petitioner cannot claim that he was prejudiced by ineffective assistance of counsel. Ground 1 of Movant's § 2255 Motion must therefore be denied.

### C. Ground 2: 100-to-1 Crack to Cocaine Ratio

Petitioner asserts that his counsel was deficient for failing to move the Court for a lesser ratio than the 100-to-1 crack/cocaine powder ratio. Gray asserts that he "was prejudiced by the higher sentence which resulted in a specific demonstrable increase in sentencing and counsel was [i]neffective [f]or failing to move the Court to consider a much lesser ratio than the 100 to 1." (Motion, p. 7).

The 100-to-1 crack/cocaine powder ratio has been the subject of significant jurisprudence over the last several years. In U.S. v. Booker, 543 U.S. 220 (2005), the Court held that the mandatory Sentencing Guidelines system violated the Sixth Amendment. See id., at 226-227. In Kimbrough v. U.S., 552 U.S. 85, 128 S. Ct. 558 (2007), the Court held that district courts should not treat the crack/powder ratio as mandatory, but should "avoid unwarranted disparities--along with other §3553(a) factors--when imposing sentences." 128 S. Ct. at 574. The Kimbrough Court held that district courts should treat the Sentencing "Guidelines as the 'starting point and the initial benchmark,'" and not as mandatory. Id. (quoting Gall v. U.S., 552 U.S. 38 (2007)). Recently, in clarifying the holding in Kimbrough, the Court advised that "district courts are entitled to reject and

vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." Spears v. U.S., 129 S. Ct. 840, 843-844 (2009).

The reasonableness of counsel's conduct must be viewed at the time of the conduct at issue, particularly given the changing judicial precedent on this issue. Auman v. U.S., 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland, 466 U.S. at 690). Gray entered his guilty plea on September 19, 2006 and judgment was entered against Gray on January 24, 2007. (Case 4:05CR661, Doc. Nos. 29, 37). At the time of Gray's plea, the 100-to-1 ratio was viewed as mandatory under the Sentencing Guidelines. In U.S. v. Lewis, 90 F.3d 302 (8th Cir. 1996), the Eighth Circuit held that the District Court had no authority to impose a sentence outside the applicable guideline range based upon the crack/powder ratio. Id. at 304-05. It was not until the Supreme Court decided Kimbrough on December 10, 2007 that the law clearly permitted a sentence outside the crack/cocaine ratio under the Sentencing Guideline range. The Sentencing Guideline range constrained this Court's imposition of punishment and required the application fo the 100-to-1 crack/cocaine powder ratio to Gray. See Cook v. U.S., No. 08-2449. 2009 U.S. App. LEXIS 3455, at *4 (8th Cir. Feb. 19, 2009) (citing cases) ("counsel is not ineffective for failing to make a futile objection"). Given the authority from Lewis at the time of Gray's sentencing, "it must be said that counsel's performance fell within 'the wide range of professionally competent assistance.'" Fields v. U.S., 201 F.3d 1025, 1027-1028 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 690). Ground 2 of Movant's § 2255 Motion must therefore be denied.[4]

---

[4]This Court notes that Gray has already received a sentence reduction. On March 5, 2008, Gray filed a Motion to Reduce his sentence based upon the retroactive crack cocaine Sentencing Guidelines after Amendment 706. (Case 4:05CR661, Doc. No. 50). Amendment 706 to the Guidelines retroactively reduced the base offense level for most cocaine base ("crack") offenses. Amendment 706 to the Guidelines, which retroactively reduced base offense levels for crack offenses. U.S. v. Benson, No. 08-2904, 2009 U.S. App. LEXIS 15215, at *2 (8th Cir. Ark. July 9, 2009). On April 7, 2008, this Court amended Gray's sentence to 100 months from 120 months. (Case

### D.      Ground 3: Mental Health Downward Departure

Gray claims that his counsel was ineffective because she failed to move the Court for a downward departure based upon Gray's alleged mental health condition. (Motion, p. 8). Gray claims that "an objectively reasonably attorney would have moved the court to consider a downward departure on the grounds that" he was mentally ill and suicidal. In support of his claim, Gray cites to §5H1.4 of the Sentencing Guidelines, which provides that "[p]hysical condition or appearance ... is not ordinarily relevant in determining whether a departure may be warranted," but that "an extraordinary physical impairment may be a reason to depart downward."

Gray, however, alleges that he has a mental, not physical, condition. As noted by the government, "[m]ental and emotional conditions are not ordinarily relevant in determining whether departure [from the Sentencing Guidelines] is warranted[.]" Guidelines Manual, §5H1.3 (2008).[5] Accordingly, Gray's counsel had no basis to seek a downward departure based upon Gray's alleged mental illness. Because there was no basis in law for seeking such a departure, Gray's counsel cannot be found to be ineffective. Flieger v. Delo, 16 F.3d 878, 887 (8th Cir. 1994) (petitioner failed to show how counsel's failure to make baseless objections was objectively unreasonable and his ineffective assistance of counsel claim failed).

In addition, the facts before the Court indicate that Gray's counsel made the Court aware of her client's alleged reduced mental capacity, but the mental examinations failed to support Gray's mental deficiency claims. Gray's counsel filed a Motion for a Psychiatric Exam, and Magistrate Judge Noce ordered Gray referred for an examination. (Case 4:05CR661, Doc. Nos. 15, 16). Gray objected

---

4:05CR661, Doc. No. 52).

[5]Under the Guidelines, "[m]ental and emotional conditions may be relevant in determining the conditions of probation or supervised release[.]" Guidelines Manual, §5H1.3 (2008).

to the psychiatric report, and the Court granted Gray's motion for an additional psychiatric examination. (Case 4:05CR661, Doc. Nos. 19, 20). According to the report, "it does not appear that Mr. Gray currently suffers from a mental disease or defect that would substantially impair his present ability to understand the nature and consequences of the court proceedings brought against him, or impair his ability to assist counsel in his defense." Gray later withdrew his objections to the first psychiatric report. (Case 4:05CR661, Doc. Nos. 24, 26). The Court determined that Gray was competent to be prosecuted. (Case 4:05CR661, Doc. No. 27).

Gray's counsel was without a basis to obtain a downward departure from the Sentencing Guidelines for Gray. The facts did not support a finding of severe mental impairment sufficient to impair his ability to understand the charges against him or prevent him from participating in his defense, and the Guidelines did not allow a downward departure based upon Gray's purported mental illness. Ground 3 of Movant's § 2255 Motion must therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Corey Terrell Gray's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

Dated this 10th day of August, 2009.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE